Christopher B. Turcotte (CT-0867)
TURCOTTE LAW, P.C.
575 Madison Avenue, Suite 1006
New York, New York 10022
(212) 937-8499
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YOUNG SOOK KIM,<br><br>       Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK N.A.,<br>BARCLAYS BANK DELAWARE,<br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>and<br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>       Defendants. | Case No. 1:22-cv-3585<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and based upon the grounds set forth in this Notice of Removal, defendant JPMorgan Chase Bank, N.A. ("Chase"), hereby moves to remove the claims at issue in plaintiff Young Sook Kim's ("Plaintiff" or "Kim") Complaint, as described more fully below, from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York. In support of its Notice of Removal, Chase states as follows:

  1.  On May 12, 2022, Plaintiff filed a Summons and Complaint in the Supreme Court of the State of New York, Queens County, where the matter was assigned Index No. 710274/2022.

  2.  On May 18, 2022, Plaintiff served a copy of the Summons and Complaint upon

Chase vis-à-vis its registered agent in New York, New York. True and accurate copies of the Summons and Complaint are attached hereto as Exhibit "1."

3. The Complaint constitutes the initial pleading for purposes of removal under 28 U.S.C. §1446(b) as it provides the necessary facts to support this notice of removal. Removal is thus timely under 28 U.S.C. §1446(b) because Chase has filed this notice within thirty days of receipt of the Complaint. Chase has not responded to the Complaint, nor have any of the other named defendants appeared in the state action or answered the Complaint.

4. In sum and substance, the Complaint contends that on or about January 31, 2022 and February 1, 2022, Plaintiff entered into agreements with Chase and defendant Barclays Bank Delaware ("Barclays") to settle Plaintiff's then charged-off Chase and Barclays credit card accounts. *See* Complaint annexed hereto as Ex. 1, at ¶¶25-26, 59-60. Plaintiff alleges that despite having fully complied with the settlement agreements' terms, his Chase and Barclays accounts continue to be reported on his credit report as unpaid, outstanding balances. *Id.* at ¶34, 36, 69. On February 2, 2022, Plaintiff sent a dispute letter to Experian and Equifax, requesting the allegedly inaccurate reporting be corrected. *Id.* at ¶¶29-31, 63. Plaintiff alleges Chase, Barclays and the credit bureau defendants failed to conduct a reasonable investigation of his reporting dispute and correct the inaccuracies in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 *et seq. Id.* at ¶¶63, 78.

5. The FCRA applies to claims involving any information furnished to consumer reporting agencies. *See Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47-48 (2d Cir. 2011)(citing 15 U.S.C. §1681t(b)(1)(F)("[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter … relating to the responsibilities of persons who furnish information to consumer reporting agencies …")). Accordingly, pursuant

to 28 U.S.C. §§ 1331 and 1441(b), causes of action arising under the FCRA, insofar as they implicate a federal question, are properly removed to federal court. *See*, *e.g.*, *Green v. NCO Inovision*, 2010 WL 147934, at *1 (D.N.J. Jan. 11, 2010); *Farley v. Williams*, 2005 WL 3579060, *1, 2 (W.D.N.Y. Dec. 30, 2005); *Caltabiano v. BSB Bank & Trust Co.*, 387 F.Supp.2d 135, 137 (E.D.N.Y. 2005).

6. Copies of all process, pleadings, and orders served upon Chase in the State court action are attached hereto as Exhibit "1" as required by 28 U.S.C. § 1446(a).

7. Although no other defendant has yet to answer or otherwise appear in the action, Chase has obtained the consent of co-defendants Equifax and Experian to remove the case to this Court. *See* Consents annexed hereto as Exhibits "2" hereto.

8. Chase is simultaneously filing a copy of this Notice with the Supreme Court of the State of New York, Queens County, in accordance with 28 U.S.C. § 1446(d).

9. This Notice of Removal is also filed with a Disclosure Statement certifying the identity of all publicly traded corporate entities associated with Chase, in accordance with the requirements of Rule 7.1 of the Federal Rules of Civil Procedure.

WHEREFORE, defendant Chase requests that this action be removed from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York.

Dated: New York, New York
June 17, 2022

TURCOTTE LAW, P.C.

By:   /s/Christopher B. Turcotte
      Christopher B. Turcotte (CT-0867)
575 Madison Avenue
New York, New York 10022
(212) 937-8499
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*